UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JEROME THADDEUS WHITE,

    Plaintiff,

v.

BENTON HARBOR HEALTHCARE
CENTRE, INC; BENTON HARBOR
NURSING CENTRE, LLC; BENTON
HARBOR NURSING REALTY, LLC; and
ORCHARD GROVE NURSING & REHAB
CENTRE, LLC,

    Defendants.
_____/

Hon. Janet T. Neff

Case No. 1:15-cv-00759

REPORT AND RECOMMENDATION

    This matter is before the Court on Plaintiff's Second Amended Motion for Default Judgment (ECF No. 68), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. §636(b)(1)(B).

    Summonses were returned executed as to defendants Benton Harbor Healthcare Centre, Inc, Benton Harbor Nursing Centre, LLC, Benton Harbor Nursing Realty, LLC, and Orchard Grove Nursing & Rehab Centre, LLC. Defendant failed to answer or otherwise plead, and default was entered pursuant to Fed. R. Civ. P. 55(a) as to defendants Benton Harbor Healthcare Centre, Inc, Benton Harbor Nursing Centre, LLC, Benton Harbor Nursing Realty, LLC, and Orchard Grove Nursing & Rehab Centre, LLC on August 5, 2016 (Dkt. 55).

Plaintiff, Jerome Thaddeus White, is an individual who claims that defendants Benton Harbor Healthcare Centre, Inc, Benton Harbor Nursing Centre, LLC, Benton Harbor Nursing Realty, LLC, and Orchard Grove Nursing & Rehab Centre, LLC subjected him to reverse gender discrimination in violation of Title VII of the Civil Rights Act of 1964. As the defendants have not answered or otherwise pled, the allegations against defendants Benton Harbor Healthcare Centre, Inc, Benton Harbor Nursing Centre, LLC, Benton Harbor Nursing Realty, LLC, and Orchard Grove Nursing & Rehab Centre, LLC are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).

## STANDARD

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;

>> (C) establish the truth of any allegation by evidence; or

>> (D) investigate any other matter.

Because the default judgment sought is not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

### THE NOVEMBER 7, 2016, HEARING

The matter was set for Oral Argument and Evidentiary Hearing on the motion for default judgment on November 7, 2016. Plaintiff and his counsel appeared for the November 7, 2016, hearing. The defaulting parties did not appear for the hearing or contact the court in any way.

Plaintiff's testimony was taken and exhibits were introduced including an affidavit and a bill of costs. Plaintiff's legal counsel testified about attorney fees, costs and service of process upon the Defendants.

### CONCLUSION

As discussed at the November 7, 2016, hearing, upon review of the testimony and documents submitted I recommend that Plaintiff's Second Amended Motion for Default Judgment (ECF No. 68) be granted. Although I did not find good cause to award front pay, or compensatory and punitive damages, I recommend that judgment be entered for plaintiff against defendants Benton Harbor Healthcare Centre, Inc, Benton Harbor Nursing Centre, LLC, Benton Harbor Nursing Realty, LLC, and Orchard Grove Nursing & Rehab Centre, LLC as follows:

| | |
|---|---:|
| Back pay wage loss | $11,862.45 |
| Interest on back pay wage loss | 4,533.85 |
| Reasonable attorney fees | 22,607.00 |
| Costs | 903.12 |
| **TOTAL:** | **$39,906.42** |

Respectfully submitted,

Date: November 30, 2016

/s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).